UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND

CIVIL ACTION NO. 06-CV-70-HRW

RICHARD BALLEW                                                                                          PLAINTIFF

VS:                              **MEMORANDUM OPINION AND ORDER**

DENISE BLACK, ET AL.                                                                              DEFENDANTS

The plaintiff, Richard Ballew, who is currently confined in the Little Sandy Correctional Complex ("LSCC) in Sandy Hook, Kentucky, has filed a civil rights complaint under 42 U.S.C. §1983 [Record No. 1]. He has also filed an "Application to Proceed *In Forma Pauperis*" [Record No. 2]. The Court will address the *in forma pauperis* motion by separate Order.

This matter is before the Court for initial screening. 28 U.S.C. §1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).

To establish a right to relief under §1983, the plaintiff must plead and prove two essential elements. He must show, first, that he has been deprived of rights secured by the Constitution or laws of the United States and, second, that the defendants allegedly depriving him of those rights acted under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *O'Brien v. City of Grand Rapids*, 23 F.3d 990 (6th Cir. 1994).

This is a *pro se* complaint and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* complaint must be taken as true and construed in favor of the plaintiff. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, 28 U.S.C.

§1915(e)(2) affords a court the authority to dismiss a case at any time if the court determines that the action is (i) frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted.

## CLAIMS

The plaintiff alleges that the named defendants engaged in cruel and unusual punishment, in violation of his rights under the Eighth Amendment of the United States Constitution. Specifically, he alleges that the defendants were deliberately indifferent to his serious medical needs for a period of approximately 31 days beginning on September 22, 2005.

## NAMED DEFENDANTS

The plaintiff named the following defendants: (1) Denise Black, nurse at the LSCC; (2) Scott Haas, M.D., Medical Director of the LSCC; and (3) Gary Beckstrom, Warden of the LSCC. The plaintiff did not specify the capacity in which he sues the defendants.

## ALLEGATIONS OF THE PETITION

Plaintiff states that he suffers from high blood pressure and diabetes. He takes medications for both conditions. On September 22, 2005, the plaintiff was transferred to the State of Ohio pursuant to the Interstate Agreement on Detainers Act ( the "IAD"), 18 U.S.C.A. App.2. Plaintiff alleges that he remained in Ohio for 31 days, during which time he states that he was without his medications.

The plaintiff alleges that when he was transferred to Ohio, the defendants: (1) failed to ensure that his high blood pressure and his diabetes medicines were sent along with him to the Ohio authorities; (2) failed to ensure that the Ohio authorities were even notified of his medical conditions; and (3) failed to provide the Ohio authorities with a medical release to allow them

to provide him with appropriate medications. He alleges that the defendants' deliberate indifference subjected him to serious physical harm, specifically, low blood sugar levels, possible blindness and/or death.

He states that upon his return, he learned that his blood sugar drastically dropped and that he had to be placed on medical watch. He states that he informed Nurse Black that his medications had not been sent with him to Ohio. According to the plaintiff, Nurse Black informed him that he should have notified the LSCC medical staff that he was being transferred and that arrangements needed to be made to transfer he medications. The plaintiff states that he had insufficient advance notice of his transfer and that it was not his responsibility to have informed the LSCC medical staff that he was being transferred. He alleges that "the defendant's {sic} each of them failed to send any medication with me for the State of Ohio to administarte {sic} to me during my absence from Kentucky's Custody. . . " [Complaint, §IV].

The plaintiff filed a grievance (#06-007-LSCC) with the LSCC. He attached to his §1983 complaint a letter dated March 10, 2006, from Defendant Scott Hass, M.D., the medical director of the LSCC. The plaintiff received this letter in response to his grievance. In the response, Haas thanked the plaintiff for bringing his problem to his (Haas') attention. Haas agreed with the plaintiff that:

> "It is not the responsibility of the inmate to inform medical of clinically related transportation needs. I am referring this matter to the Warden and Nurse Service Administrator of LSCC to address with a formal protocol."

[Haas Letter, Attachment to Complaint]

### RELIEF REQUESTED

The plaintiff seeks $2.5 million in damages and unspecified injunctive relief.

3

DISCUSSION
1. Official Capacity Claims

To the extent that the plaintiff may be asserting his Eighth Amendment claims against the named defendants in their official capacity, these claims must also be dismissed under the Eleventh Amendment of the United States Constitution. The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or subjects of any foreign State.

Under the Eleventh Amendment, any suit for damages against state officials sued in their *official* capacities would be not be viable, because it would be the same as a suit against the state itself. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989), and *Doe v. Wigginton*, 21 F.3d 733, 737 (6th Cir. 1994) (state officials sued in their official capacities are not considered "persons" under §1983).

"Official capacity suits...generally represent only another way of pleading an action against an entity of which an officer is an agent...[An] official capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 165-66, 105 S. Ct. 3099 (1985). State officials, in their official capacities, are not considered "persons" under §1983. *Will v. Michigan Dept. of State Police*, 491 U.S. at 7; *Doe v. Wigginton*, 21 F.3d at 737 (6th Cir. 1994). These defendants enjoy absolute immunity from suit in their official capacities, under the Eleventh Amendment. The plaintiff's Eighth Amendment official capacity claims against the named defendants are dismissed with prejudice.

2. Individual Capacity Claims

4

Dr. Haas' letter indicates and/or suggests that proper procedures were not followed. The plaintiff did not attach any further documents from the LSCC, so the Court does not know what, if any, subsequent follow-up or investigation the LSCC undertook in response to Haas' March 10, 2006 concerns and referral. In light of those facts, and the fact that the plaintiff alleges that he suffered detrimental effects as a result of having been denied his medications for a month, the case will go forward against the defendants in their individual capacities. The Court will order summons to issue as to the named defendants in their individual capacities with regard to the plaintiff's Eighth Amendment claims.

## CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1) The plaintiff's claims against the named defendants in their official capacities are **DISMISSED WITH PREJUDICE**.

(2) The Ashland Clerk is directed to issue summons for the named defendants: (1) Denise Black, nurse at the LSCC; (2) Scott Haas, M.D., Medical Director of the LSCC; and (3) Gary Beckstrom, Warden of the LSCC, in their individual capacities.

(3) The Ashland Clerk's Office shall prepare as many copies of the complaint as there are summonses issued and complete the requisite number of USM Form(s) 285.

    (a) If insufficient information exists to sufficiently or effectively complete any summons or USM Form 285 regarding any defendant, the Clerk shall promptly make a clerk's entry on the docket stating why the Clerk cannot fill out the summons or USM Form 285 or any other documents necessary to effectuate service.

    (b) The Ashland Clerk's Office shall forward by certified mail the following

documents: (i) the summonses issued; (ii) the requisite number of USM Forms 285; (iii) the requisite number of complaint copies; and (iv) the requisite number of copies of this Opinion and Order, and/or any other documents necessary to effectuate service.

   (c) The Ashland Clerk's Office shall enter the certified mail receipt into the record, and a notation that the delivery to the USM Office of the complaints, summonses, USM Forms 285, and any other attachments have been effectuated, and the date upon which they were effectuated.

   (d) The USM Office shall serve a summons, complaint copy, and copy of this Order on the defendants to this action; service to be made by certified mail, return receipt requested or by personal service.

   (e) The USM Office shall make a return report to the Court of whether the summons is executed or is still unexecuted within forty (40) days of the date of entry of this Order.

 (4) The Ashland Clerk is further directed to serve a copy of this Memorandum Opinion and Order on the Kentucky Department of Corrections, and to note the service in the docket sheet.

 (5) The plaintiff shall keep the Clerk of the Court informed of his current mailing address. **Failure to notify the Clerk of any address change may result in a dismissal of this case**.

 (6) For every further pleading or other document he wishes to submit for consideration by the Court, the plaintiff shall serve upon each defendant, or, if appearance has been entered by counsel, upon each attorney, a copy of the pleading or other document. The

plaintiff shall send the original papers to be filed with the Clerk of the Court together with a certificate stating the date a true and correct copy of the document was mailed to each defendant or counsel. **If a District Judge or Magistrate Judge receives any document which has not been filed with the Clerk or which has been filed but fails to include the certificate of service of copies, the document will be disregarded by the Court.**

This May 22, 2006.

Signed By:
_Henry R Wilhoit Jr._
United States District Judge