NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

CIVIL ACTION NO. 06-CV-70-HRW

RICHARD BALLEW                                                                    PLAINTIFF

VS:            **MEMORANDUM OPINION AND ORDER**

DENISE BLACK, ET AL.                                                            DEFENDANTS

Currently before the Court for consideration are the following pleadings:

(1)   The "Second Motion for Summary Judgment" [Record No. 38], filed by counsel for Defendant Denise Black; and

(2)   the "Response and Objection" [Record No. 39] filed by Richard Ballew, the *pro se* plaintiff, to the motion for summary judgment.

## FACTUAL BACKGROUND

The plaintiff filed a civil rights complaint under 42 U.S.C. §1983. He alleged that the defendants, prison officials at the Little Sandy Correctional Complex ("LSCC") in Sandy Hook, Kentucky, had exhibited deliberate indifference to his serious medical needs. He claimed that they failed to ensure that his medications went with him when he was transferred to custody in Ohio for one month in the Fall of 2005. Plaintiff eventually returned to the LSCC.[1]

In the Opinion and Order, the Court granted the motion for summary judgment filed by

---

[1] In the Memorandum Opinion and Order entered on November 1, 2006 [Record No. 34] ("the Opinion and Order"), the Court set forth a detailed summary of the facts of this case. The Court will not reiterate that discussion here.

Defendants Scott Haas, M.D., and Gary Beckstrom, the Warden of the LSCC. The Court allowed the claims against Defendant Denise Black to proceed.

### 3. Renewed Motion for Summary Judgment [Record No. 38]

Denise Black has now filed a second (renewed) motion for summary judgment. She has filed an Affidavit [record No. 38-3] explaining in detail her claims. Black advances several grounds in support of her contention that she is entitled to a summary judgment.

First, she argues that the plaintiff failed to pursue all available administrative remedies with regard to his demand for monetary damages. Second, she argues that whatever efforts he made with regard to the exhaustion process were untimely and/or inadequate. Third, she argues that because she served the LSCC solely in administrative capacity as the Health Service Administrator and was not directly involved in the plaintiff's medical treatment, she could not have been deliberately indifferent to the plaintiff's medical needs.

Fourth, Black argues that if other LSCC demonstrated deliberate indifference to the plaintiff's medical needs, *she* cannot be held responsible for such actions under the theory of *respondeat superior*. Fifth, and finally, Black contends that the Prison Litigation Reform Act, 42 U.S.C. §1997e, limits the relief, if any, potentially available to the plaintiff.

### 2. Plaintiff's Response to Defendants' Motions [Record No. 39]

The plaintiff has filed a brief response. Summarized, he alleges that Denise Black should be held accountable for the fact that he did not have access to his diabetes medications while he was in the custody of Ohio officials in the Fall of 2005. He rests primarily on the allegations of his complaint and his response to the previously filed motions for summary judgment.

STANDARD OF REVIEW

The defendants have filed motions for summary judgment under Fed. R. Civ. P. 56. Under that rule, summary judgment is appropriate "if ... there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). As the Supreme Court explained:

> In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548 (1986) (citation omitted).

Under Fed. R. Civ. P. 56(e), "[w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." In considering a summary judgment motion, "the evidence as well as the inferences drawn therefrom must be read in the light most favorable to the party opposing the motion." *Kochins v. Linden-Alimak, Inc.*, 799 F.2d 1128, 1133 (6th Cir.1986); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88, 106 S. Ct. 1348 (1986) (same).

With these considerations in mind, the Court will address the various arguments presented by Defendant Denise Black and the plaintiff's responses thereto.

3

## DISCUSSION
### 1. Failure to Exhaust

Defendant Black first discusses the initial grievance which the plaintiff submitted to the LSCC on January 1, 2006. There, Plaintiff complained about being deprived of his diabetes medications when transferred to Ohio in the Fall of 2005. Black contends that the plaintiff not only failed to request any specific relief about the incident, but that he also failed to notify the LSCC that he intended to seek substantial monetary damages ($2.5 million) as result. Black notes that the plaintiff's subsequent administrative appeals were also silent in these respects.

In the Opinion and Order, the Court expressed concern about the plaintiff having omitted these critical issues. On review of the renewed motion, the Court must agree with Defendant Black that the plaintiff's failure to mention what exact type of relief he wanted when he filed his grievance, and his failure to specifically state that he was seeking monetary compensation of $2.5 million dollars, renders his exhaustion effort deficient.

The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532, 122 S.Ct. 983, 152 L. Ed.2d 12 (2002). To meet the exhaustion requirement, a prisoner must "plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint or, in the absence of written documentation, describing with specificity the administrative proceeding and its outcome." *Boyd v. Corrections Corp. of America*., 380 F.3d 989, 994 (6th Cir.2004).

Describing the proceeding with specificity includes describing the subject matter of the

proceeding, for details about the claim are "necessary for the district court to determine what, if any, claims have been exhausted." *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir.2000); *see also Boyd*, 380 F.3d at 994 (requiring that a prisoner "plead his claims with specificity and show that they have been exhausted") (emphasis added); *see also Clayton v. U.S. Department of Justice,* 36 Fed. Appx. 840, *841-842, 2005 WL 1386379,**1 (6th Cir (Ky.) 2005).

Here, Plaintiff Ballew's grievance made clear that he was merely advising the LSCC staff that they had committed an oversight in failing to ensure that his medications traveled with him out of state. Under the section of the grievance form entitled "Action Requested," the plaintiff stated as follows:

> I would just like for Ms. Black and the entire medical department **to watch and be aware** of anyone who is leaving or going out to court, who's on meds, that they are given medication to take with them **so this will never happen again OKAY?**

[*See* Record No. 14-3, Plaintiff Initial Grievance, January 1, 2006 (Emphasis Added)]

Plaintiff's grievance simply does not include a demand for monetary relief, or any other form of relief, for that matter. As the Court suggested in the Opinion and Order, this grievance was simply an advisory notice that the medical staff may have been remiss in its duties, and that they should be aware of inmates being transferred who need medications shipped with them. Moreover, the plaintiff filed his grievance on January 1, 2006, long after his return back to the LSCC in October, 2005. He made no mention in his grievance of any actual or existing physical harm about which he now complains.

The prisoner bears the burden of establishing exhaustion of administrative remedies. *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir.1998). There must be full exhaustion of *every*

5

claim being asserted. *Id*; *see also Julian-Bey v. Crowley*, 24 Fed. Appx. 393, 395, 2001 WL 1555950, **2 (6th Cir. (Mich.),2001) ("As Julian-Bey did not exhaust his available administrative remedies *as to each claim*, dismissal of the complaint was appropriate.").

This requirement is also set forth in the Kentucky Department of Corrections Policy and Procedure 14.6.1.a.(4). This regulation states that when filing a Health Care Grievance, an inmate "shall include ***all aspects*** of the issue in the written grievance that the grievant wants to be addressed by the grievance process so that they can be dealt with during step 1 (the Grievance and Informal Resolution Steps) [Emphasis Added].

Here, the plaintiff simply did not file a grievance which stated, in plain and simple terms, that he had sustained an actual physical injury as result of the oversight. The grievance did not mention that the alleged injury entitled the plaintiff to $2.5 in damages. Plaintiff only informed the prison officials that in the future, they needed to avoid the problem he had encountered.

Even if the grievance could be construed as being broad enough to cover the issues now asserted in the complaint, Defendant Black points out another procedural deficiency. The plaintiff's January 1, 2006 grievance was not timely filed.

Pursuant to CPP 14.6, §II(K)(1)(a)(2), an inmate must file a grievance about a specific incident or specific health care decision within five (5) working days after the incident occurs. The plaintiff filed his grievance on or about January 1, 2006, approximately 101 days after his transfer to Ohio and 76 days after his return to LSCC.[2]

---

[2] The defendant states that the grievance was not received until January 4, 2006, which was 104 days after his transfer to Ohio and 79 days after his return to the LSCC.

The PLRA requires "proper exhaustion," meaning that a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines. *Woodford v. Ngo*, 126 S.Ct. 2378, 2386 (June 22, 2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules ..."). Clearly, because the plaintiff's grievance was late as well as incomplete, he has not exhausted his claims.

The defendants have met their burden as set forth in *Celotex* and Fed. R. Civ. P. 56. Summary judgment in favor of Defendant Denise Black is warranted.

### 2. Additional Grounds for Dismissal

Defendant Black asserts another valid argument as to the merits of the claims against her. The plaintiff's claims of physical injury appear to be speculative. Here, the plaintiff alleges that his failure to receive medications caused medical suffering that *could have* resulted in his death. He does not allege that the lack of the medication for a month did, in fact, result in any bodily harm, and it is obvious that it did not result in his death. Unless a person has experienced an actual injury, as opposed to a speculative claim of injury, the person is without standing to assert a civil rights claim. *Valley Forge Christian College v. Americans United for Separation of Church and State*, 454 U.S. 464, 471 (1982); *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992); *Briggs v. Ohio Elections Comm'n*, 61 F.3d 487 (6th Cir. 1995).

Assuming that any harm befell the plaintiff, the defendant cites numerous, persuasive cases which hold that speculative claims of injury, or even actual injuries which are of *de minimis* nature, are not valid under the Eighth Amendment. *See* 42 U.S.C. §1997e(e); *Mitchell v. Horn*, 318 F.3d 523, 533 (3rd Cir. 2003) (prisoner asserting a mental or emotional injury was

7

required to show a prior physical injury that was more than *de minimis*, but less than significant).

Here, the plaintiff offers nothing to refute the argument that the harm to him, if any existed, was more than *de minimis* in nature. He simply has not established a genuine issue of material fact. In light of that, the Court finds that the plaintiff's claims are defective on the merits, and that under *Celotex* and Fed. R. Civ. P. 56, summary judgment is appropriate.

## CONCLUSION

Accordingly, it is **ORDERED** as follows:

(1)   The "Second Motion for Summary Judgment" filed by counsel for Defendant Denise Black [Record No. 38] is **GRANTED**.

(2)   This action is **DISMISSED WITH PREJUDICE** and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of Defendant Denise Black.

This March 23, 2007.



Signed By:
Henry R Wilhoit Jr.
United States District Judge